IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN D. IRWIN,<br>          Petitioner,<br><br>      v.<br><br>FREDERICK A. ROSEMEYER,<br>Superintendent, et al.,<br>          Respondents. | )<br>)<br>)<br>)   Civil Action No. 3:04-292J<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

GIBSON, J.

The Petitioner, John D. Irwin, has appealed an order issued on June 22, 2005, and an amended order issued on June 23, 2005, by Magistrate Judge Francis X. Caiazza. The order issued on June 22, 2005 granted Petitioner's Motion for Enlargement of time in which to file objections to Magistrate Judge Caiazza's report and recommendation issued on June 13, 2005. However, the order denied Petitioner's request for an updated copy of docket entries, and Petitioner's request for appointment of counsel. The amended order issued on June 23, 2005 also denied Petitioner's request for appointment of counsel.

Pursuant to 28 U.S.C. § 636(b)(1)(A), a district court judge may refer a case to a magistrate judge for all pretrial proceedings. "The decisions by the magistrate judge are appealable to the district court and must be upheld unless they are clearly erroneous or contrary to law." *Winward v. Hill*, 1995 WL 527981, *1 (E.D. Pa. 1995). Consequently, this Court must review the orders issued by Magistrate Judge Caiazza to determine whether the orders are contrary to law or clearly erroneous.

In *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993), the Third Circuit set forth a set of factors to consider in deciding whether to appoint counsel for an indigent plaintiff. The Third Circuit

emphasized that "district courts must consider as a threshold matter whether there is some merit to the plaintiff's claim in fact and law." *Tabron v. Grace*, 871 F.Supp. 227, 229 (M.D. Pa. 1994)(citing to *Tabron v. Grace*, 6 F.3d at 155, 158 (citations omitted)). If the plaintiff satisfies this threshold requirement, then the district court must continue its analysis by considering a host of other factors. For example, "the plaintiff's ability to present his case is a significant factor," compelling the "consideration of the plaintiff's education, literacy, prior work experience, and prior litigation experience." *Tabron*, 871 F.Supp. at 229. The district court should also "consider the complexity of the underlying legal issues, and should lean in favor of appointment of counsel if the legal issues are complex." *Id*(citing to *Tabron*, 6 F.3d at 156). Other important considerations include the following:

> (1) whether the case entails a need for factual investigation; (2) the plaintiff's ability to carry out such investigation; (3) the likelihood that a claim will involve substantial discovery and compliance with complex discovery rules; and (4) whether credibility determinations are involved that may require the experience of one trained in the presentation of evidence and cross examination. [*Tabron*, 6 F.3d at 156.] The district court also may consider any problems that confined individuals may face in litigating their claims. The court's consideration of all of these factors, however, must be tempered by the practical restraints imposed by the scarce supply of attorneys willing to assume responsibility for representation of indigent parties, and the court's inability to require counsel to undertake such representation. *Id.* at 157.

*Tabron*, 871 F.Supp. at 229.

In the case *sub judice*, the magistrate judge properly addressed the threshold inquiry as to the merits of the Petitioner's claim. Specifically, Magistrate Judge Caiazza issued the Report and Recommendation prior to Petitioner's request for an appointment of counsel, and Magistrate Judge Caiazza observed, *inter alia*, the following:

> In the instant case, the Petition for Writ of Habeas Corpus has been filed, the Respondents have been served and have filed their answer. A Report and Recommendation has been filed disposing of the claims raised in the Petition. As such, there is no reason for appointment of counsel.

Amended Order, dated June 23, 2005. Accordingly, the merits of Petitioner's claims were considered prior to his request for appointment of counsel. *See* Report and Recommendation, dated June 13, 2005.

The Court observes that based upon the record in the case *sub judice*, the magistrate judge conducted the threshold inquiry as to the merits of Petitioner's claims, and the magistrate judge concluded that Petitioner's claims are without merit. Therefore, the Court determines that the orders issued by Magistrate Judge Caiazza in which the Petitioner's request for an updated copy of the docketing statement and for appointment of counsel were denied are not contrary to law or clearly erroneous, and thus they are affirmed.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN D. IRWIN,<br>        Petitioner,<br><br>    v.<br><br>FREDERICK A. ROSEMEYER,<br>Superintendent, et al.,<br>        Respondents. | )<br>)<br>)<br>)  Civil Action No. 3:04-292J<br>)<br>)<br>)<br>) |

## ORDER

**AND NOW**, this 20th day of July, 2005, upon consideration of the Petitioner's appeal from orders issued on June 22 & 23, 2005 by United States Magistrate Judge Francis X. Caiazza, in which the Petitioner's request for an updated copy of the docketing statement and for appointment of counsel were denied, and for the reasons provided in the attached memorandum opinion, the Court concludes that the orders are not contrary to law or clearly erroneous, and they are therefore **AFFIRMED**.

BY THE COURT:

_____
The Honorable Kim R. Gibson
United States District Judge

cc:   John Daryl Irwin, AJ-0495
      SCI Laurel Highland
      5706 Glades Pike
      P.O. Box 631
      Somerset, PA 15501-0631

      Robert S. Englesberg, Esq.
      Office of Attorney General
      564 Forbes Avenue
      6th Floor, Manor Complex
      Pittsburgh, PA 15219